**REISSUED FOR PUBLICATION**
DEC 14 2020
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 7, 2020

```
* * * * * * * * * * * * * * * * * *
H.R.,                             *      UNPUBLISHED
                                  *
             Petitioner,          *      No. 18-1855V
                                  *
v.                                *      Special Master Dorsey
                                  *
SECRETARY OF HEALTH               *      Petitioner's Motion for Decision Dismissing
AND HUMAN SERVICES,               *      His Petition; Influenza ("Flu") Vaccine;
                                  *      Guillain-Barré Syndrome ("GBS").
             Respondent.          *
                                  *
* * * * * * * * * * * * * * * * * *
```

H.R., pro se, Los Angeles, CA, for petitioner.
Heather Lynn Pearlman, United States Department of Justice, Washington, DC, for respondent.

**DECISION**[1]

On November 30, 2018, H.R. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of an influenza ("flu") vaccination administered on November 5, 2017, he developed Guillain-Barré syndrome ("GBS"). Petition at Preamble (ECF No. 1). The information in the record, however, does not show entitlement to an award under the Program.

On October 7, 2020, petitioner moved for a decision dismissing his case, stating that "[a]n investigation of the facts and science supporting his [case] has demonstrated to [p]etitioner that he will be unable to prove he is entitled to compensation in the Vaccine Program," and thus,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

"to proceed further would be unreasonable and would waste the resources of the Court, [r]espondent, and the Vaccine Program." Petitioner's Motion for a Decision Dismissing His Petition, filed Oct. 7, 2020, at ¶¶ 1-2 (ECF No. 44). Petitioner states that he understands that a decision by the Special Master will result in a judgment against him, and that he understands that such judgment will end all of his rights in the Vaccine Program. Id. at ¶ 3. Petitioner states that he intends to protect his right to file a civil action and to elect to reject the Vaccine Program judgment to file a civil action. Id. at ¶ 5.

To receive compensation under the Program, petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by the vaccination. See §§ 11(c)(1), 13(a)(1)(A). The records submitted by petitioner show that he does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

2